UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL LEE HARRIS,

     Petitioner,               Case No. 2:22-CV-13120

v.                    UNITED STATES DISTRICT COURT JUDGE
                          GERSHWIN A. DRAIN

GEORGE STEPHENSON,

     Respondent,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Darrell Lee Harris, ("petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for child sexually abusive material or activity, MICH. COMP. LAWS § 750.145c(2), and second-degree criminal sexual conduct, § 750.520c. For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

## I. Background

Petitioner pleaded guilty to the above charges in the Wayne County Circuit Court as part of a plea and sentencing agreement. Petitioner was sentenced to 13-20 years on the sexually abusive materials charge and 10-15 years on the second-

degree criminal sexual conduct charge. Petitioner's conviction was affirmed on appeal. *People v. Harris,* No. 358456 (Mich.Ct.App. Oct. 19, 2021); *lv. den.* 509 Mich. 933, 971 N.W.2d 627 (2022).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court abused its discretion where it denied the motion for plea withdrawal.

II. Ineffective assistance of counsel resulting in an unknowing and involuntary plea.

III. Due process requires plea withdrawal where the plea resulted from duress and coercion.

Respondent filed an answer to the petition.  As part of the answer, respondent argues that the petition should be dismissed because petitioner's second and third claims were not properly exhausted with the state courts.

## II. Discussion

The instant petition is subject to dismissal because petitioner's second and third claims have yet to be fully exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which requires the dismissal of a habeas petition that contains claims that a petitioner has a right to raise in the state courts

but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).   Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009).   Each habeas claim must be reviewed by a federal court for exhaustion before any claim may be adjudicated on the merits by a federal court. *Id.*   Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).   A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F. 3d 155, 160 (6th Cir. 1994).

Petitioner's second and third claims are unexhausted because these claims were raised for the first time as new claims in petitioner's application for leave to appeal to the Michigan Supreme Court. (ECF No. 9-9, PageID. 258-66).   Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).   Petitioner failed to present his second and third claims on his direct appeal with the Michigan Court of Appeals, thus, his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes.

3

*See Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x 543, 549 (6th Cir. 2006).

Although petitioner made brief references to the ineffective assistance of counsel and duress and coercion in his brief on appeal before the Michigan Court of Appeals (*See* ECF No. 9-8, PageID. 180-91), a habeas petitioner's "sporadic and undeveloped allusions" to a claim do not satisfy the exhaustion requirement. *See Vasquez v. Jones,* 496 F. 3d 564, 568 (6th Cir. 2007). Indeed, petitioner did not mention the ineffective assistance of counsel or duress and coercion claims in the statement of questions in the appellate brief. Michigan Court Rule 7.212(C)(5) requires a statement of the questions involved, with each issue for appeal separately numbered. *See Dando v. Yukins,* 461 F. 3d 791, 797 (6th Cir. 2006). In his brief before the Michigan Court of Appeals, petitioner merely argued in his heading that the trial court abused its discretion in failing to allow him to withdraw his plea because petitioner moved to withdraw his plea prior to sentencing. (ECF No. 9-8, PageID. 181). By failing to raise ineffective assistance of counsel or duress or coercion claims in the heading in his appeal brief, petitioner did not fairly present his second and third claims to the Michigan Court of Appeals for purposes of exhausting these claims. *See Wagner v. Smith*, 581 F.3d at 415-16.

Moreover, even if this Court were to overlook the fact that petitioner did not raise his second and third claims in the heading before the Michigan Court of

Appeals, the ineffective assistance of counsel and duress and coercion claims that he raised for the first time in his application for leave to appeal to the Michigan Supreme Court were much broader factually and legally than the allegations he raised in his appeal before the Michigan Court of Appeals.

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his or her claim in the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)). In his application for leave to appeal before the Michigan Court of Appeals, petitioner mentioned that trial counsel was ineffective for allowing him to plead guilty even though petitioner professed his innocence. In his application for leave to appeal to the Michigan Supreme Court, petitioner for the first time alleged that: trial counsel only visited

him in jail twice, did not inform petitioner of the strength or weakness of the charges, did not explain the elements of the charges to him, did not provide or review the discovery with petitioner, did not investigate exculpatory medical records, did not obtain an expert to analyze petitioner's cell phone (where incriminating evidence was allegedly found), and failed to investigate or interview witnesses. (ECF No. 9-9, PageID. 258-66).   Because these current ineffective assistance of counsel claims are different than the ineffective assistance of counsel claims presented to the Michigan Court of Appeals, the claims were not  fairly presented to that court. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(citing *Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *see also Brandon v. Stone,* 226 F. App'x. 458, 459 (6th Cir. 2007)(state prisoner had not exhausted his state court remedies as to claim that trial counsel was ineffective for failing to advise him regarding the merits of the various plea offers set before him, where this particular instance of ineffectiveness had not been mentioned in his state court proceedings). Petitioner's second and third claims rest on theories which are distinct from the ones raised by petitioner before the Michigan Court of Appeals. "Raising a general challenge to trial counsel's effectiveness or the voluntariness of his plea [before the Michigan Court of Appeals] did not fairly present" petitioner's second and third claims to the state courts. *See Catalano v. Colson*, 493 F. App'x 696, 700–01 (6th Cir. 2012).  Petitioner's second and third claims are unexhausted.

Finally, although a federal court has the discretion to deny an unexhausted claim on the merits, as respondent urges, this Court declines to do so because respondent failed to show that petitioner's second and third claims are plainly meritless. *See Wagner v. Smith,* 581 F. 3d 410, 419-20 (6th Cir. 2009);  *see also Hickey v. Hoffner,* 701 F. App'x 422, 426 (6th Cir. 2017).

The exhaustion doctrine, in the context of habeas cases, is dependent upon whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his second and third claims.  Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F. 3d at 419.  Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502.  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in

order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his or her unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S.269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts, rather than dismissing it without prejudice. In this case, the Michigan Supreme Court denied petitioner's application for leave to appeal on April 5, 2022. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his or her conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner did not seek a writ of certiorari with the United States Supreme Court, thus, his

judgment became final, for the purpose of commencing the running of the one year limitations period, on July 5, 2022. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002). [1]

Petitioner filed the instant petition with the Court on December 19, 2022, after only five months had run on the statute of limitations. [2]  This Court is dismissing the petition without delay.  Title 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner.  Petitioner currently has time remaining under the limitations period following the conclusion of his state post-conviction proceedings, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings.  Petitioner would thus not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief.  A stay of the proceedings is unnecessary to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

---

[1] The ninety-day period actually expired on July 4, 2022; however, this was a federal holiday, thus the limitations period began running the next day. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on December 19, 2022, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

In addition, there is an equitable remedy available to petitioner to preserve a federal forum for review of petitioner's claims.  In *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718.  Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*.  The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective on the date the petition was filed, and conditioned upon the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.*  The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

Petitioner promptly filed his petition for writ of habeas corpus with this Court.  This Court cannot conclude that petitioner's claims are plainly meritless, thus this Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove*.  The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from December 19, 2022, the date petitioner filed his petition, until petitioner returns to federal court and files a new habeas petition.  This tolling of the

limitations period is contingent upon petitioner complying with the conditions indicated below in Section IV of the opinion.

### III.  A certificate of appealability

The petition for a writ of habeas corpus is dismissed without prejudice.  The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability because jurists of reason would not debate this Court's conclusion that the petition is subject to dismissal based upon the petitioner's failure to exhaust his state-court remedies. *See Jones v. Carl*, 605 F. Supp. 3d 1012, 1020 (E.D. Mich. 2022). The Court will also deny petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Id.*

## IV. CONCLUSION

Accordingly, the court DISMISSES WITHOUT PREJUDICE the petition for writ of habeas corpus [Dkt. Entry # 1].

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from December 19, 2022, the date that petitioner filed this habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner returns to the federal court and files a new habeas petition under a new case number **within thirty (30) days** of the completion of his state post-conviction proceedings.

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability or leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

Dated: August 31, 2023

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 31, 2023, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager